IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv30

| | | |
|---|---|---|
| INTEGON NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| LESTER BERRY; CAROLINA ORTHOPEDIC SPECIALISTS; MICHAEL O. LEAVITT, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| MICHAEL O. LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Cross Claimant, | ) ) | |
| Vs. | ) ) | |
| LESTER BERRY; and CAROLINA ORTHOPEDIC SPECIALISTS, | ) ) ) | |
| Cross Defendants. | ) ) | |

**THIS MATTER** is before the court on the response filed by plaintiff concerning why it has not filed with this court proof of service as to any defendant. Satisfying the requirement of good cause, plaintiff has shown that service as well as returns were made to the state court before the United States removed this action. 28,

United States Code, Section 1446(a) requires a removing defendant to attach to its notice of removal a "copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). The court can only assume that the United States was not served with copies of plaintiff's proof of service, which would excuse the failure to file under this provision.

Plaintiff also reports that it obtained an Order of Interpleader from the state court prior to removal and paid into such court the funds that were in dispute. The only attachments to the notice of removal in this case were a copy of the 'Complaint and Interpleader' and a copy of the civil summons. Docket Entry #1 & Attachment #1.

Despite removal of this action on April 23, 2008, no party to this action has taken any steps to supply this court with a compete record of the pleadings filed in state court prior to removal. Section 1447(b) provides this court with a tool to remedy such problem, as follows:

> (b) It [the court] may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such state court.

28 U.S.C. § 1447(b). Inasmuch as the parties have not seen fit to do so voluntarily, the court will direct the government as the removing party to make such filing within 14 days of issuance of this Order. As to the funds paid into the state court, it would appear under Section 1450 that the funds paid into the state court should remain in the care and custody of the Clerk of the state court to answer the final decree or judgment of this court. 28 U.S.C. § 1450.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff having shown good cause why no proof of service has been filed in this case, the defendant **MICHAEL O. LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES**, as the removing party, is respectfully directed in accordance with Section 1447(b) to file with this court not later than November 7, 2008, a complete copy of all records and pleadings filed with the state court in <u>Integon National Insurance Co. v. Lester Berry, et al.</u>, 08-CVS-1161 (Catawba County, North Carolina Superior Court).

```
                                  Signed: October 21, 2008
```

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge